## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Angela F. Miller, *an individual;* <br> (2) Donna J. Wilson, *an individual;* <br> (3) Jackie A. Whitley, *an individual;* <br> (4) Daniel L. Navejas, *an individual;* <br> (5) Heather E. Brown, *an individual;* <br> (6) James P. Nunamaker, *an individual;* <br> (7) Bobby J. Lockhart, *an individual;* <br> (8) Audra M. Lockhart, *an individual;* <br> (9) Vicki L. Jones, *an individual;* <br> (10) Tammie D. Hulsey, *an individual;* <br> <br>      **Plaintiffs,** <br> <br> v. <br> <br> (1) City of Guthrie, <br> (2) Steven J. Gentling, *in his official capacity as Mayor of the City of Guthrie;* <br> (3) Don Sweger, *in his official capacity as Chief of Police of the City of Guthrie;* <br> (4) Members of the City Council of the City of Guthrie, *in their official capacity;* <br> (5) William W. Wheeler, *in his official capacity as City Prosecutor of the City of Guthrie;* **and** <br> (6) Sheri L. Mueller, *in her official capacity as City Prosecutor of the City of Guthrie,* <br> <br>      **Defendants.** | Case: CIV-20-372-SLP |

### PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDERAND/OR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Angela F. Miller, Donna J. Wilson, Jackie A. Whitley, Daniel L. Navejas, Heather E. Brown, Bobby J. Lockhart, Audra M. Lockhart, Tammie D. Hulsey, Vicki L. Jones, and James P. Nunamaker,

individuals, move for a temporary restraining order and/or a preliminary injunction to enjoin enforcement of the City of Guthrie's Ordinance No. 3331, which was approved by the Guthrie City Council on April 27, 2020.[1] This Supplemental Brief is being provided to the Court to show what is still at issue for purposes of the scheduled hearing set for Wednesday April 29, 2020.

## BACKGROUND

On April 23, 2020, Plaintiffs filed a Complaint and a Motion for Temporary Restraining Order and/or Preliminary Injunction against Defendants in this case. Those documents are hereby incorporated into this Supplemental Brief by reference thereto. On April 27, 2020, the City of Guthrie repealed Ordinance No. 3330 and replaced it with Ordinance No. 3331 (the New Ordinance). The New Ordinance does not contain some of the sections previously contested by Plaintiffs. However, the New Ordinance still contains sections that violate Plaintiffs' fundamental rights under the U.S. Constitution, the Commerce Clause of the U.S. Constitution, and Oklahoma law.[2]

**A. The New Ordinance Removed Some Disputed Sections From Ordinance 3330.**

The New Ordinance removed Sections 11-122 (Shelter in Place), 11-126 (Public Transit), 11-127 (Establishments without on-premises food service), 11-128 (Establishments with on-premises food service), 11-129 (Public Fitness/Entertainment Venues), 11-130 (Salons, Spas, Etc.), 11-131 (Organized gatherings of 10 or more people

---

[1] City of Guthrie Ordinance No. 3331 (attached as Exhibit 1).
[2] *Id.* at §§ 11-122, 11-123, and 11-124.

on public or private property), and 11-132 (Closure except Essential Business) from Ordinance 3330. Plaintiffs no longer contest the issues originating from those sections.

### B. The New Ordinance Continues to Violate Plaintiffs' Fundamental Rights, the U.S. Constitution, and Oklahoma Law.

The following sections in the New Ordinance remain unchanged from Ordinance 3330: 11-123 (Suspension of Gatherings and/or Public Events) and 11-124 (Closures). Section 11-122 (Cloth face coverings) was modified from its respective section in Ordinance 3330.

*1. Plaintiffs Are Still Substantially Likely to Succeed on the Merits of Their Claims Under the U.S. Constitution.*

Under the New Ordinance, gatherings of ten or more people are still illegal on city-owned property and city rights-of-way. This is while the City still permits gatherings of ten or more people in places such as supermarkets and home-improvement stores. Individuals may continue to use sidewalks on the City's park and lake property, but that property may only be used for exercise or "outdoor activities like long walks, bike rides and fishing."[3]

The New Ordinance still criminalizes behavior that is done to exercise a fundamental right, while other behavior is legal. This is a violation of the Equal Protection Clause of the Fourteenth Amendment, the Free Exercise Clause of the First Amendment, and the Assembly Clause of the First Amendment.

The New Ordinance still violates the Commerce Clause of the U.S. Constitution. The

---

[3] *Id.* at § 11-124.

City of Guthrie mandates that anyone within its city limits wear a cloth face covering "in public settings anywhere CDC (Center for Disease Control) recommended social distancing measures are difficult to maintain (e.g., grocery stores and pharmacies)."[4] This kind of mandate is unprecedented. Unlike the free vaccination for Mr. Jacobson in *Jacobson v. Commonwealth of Massachusetts*, the City of Guthrie is not giving out free cloth face coverings to anyone within its city limits.[5]

This section of the New Ordinance forces Plaintiffs into commerce. Congress is prohibited from forcing individuals into engaging in commerce.[6] A municipality should likewise be prohibited from forcing an individual to engage in commerce when all that person wants to do is visit a pharmacy, grocery store, or other place where there may be ten or more people.

Maintaining this mandate sets a dangerous precedent. There will likely be other health emergencies in the future. Today, it is a cloth face covering. Tomorrow, it may be a hazmat suit. Where will it stop?

A violation of any provision of the New Ordinance is a crime. The range of fine is $100–$500 plus all costs and fees (unless a state statute requires otherwise).[7] The bond for any offense is $200 plus all costs and fees.[8]

---

[4] City of Guthrie Ordinance No. 3331 § 11-122.
[5] *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 12 (1905).
[6] *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 558 (2012).
[7] *Id.* at § 11-128.
[8] *Id.*

*2. Plaintiffs Are Still Substantially Likely to Succeed on the Merits of Their Claims Under Oklahoma Law.*

The New Ordinance still violates Oklahoma law. Title 11 Section 14-101 of the Oklahoma Statutes states that a "municipal governing body may enact ordinances, rules and regulations not inconsistent with the Constitution and laws of Oklahoma for any purpose mentioned in Title 11 of the Oklahoma Statutes or for carrying out their municipal functions."[9] The New Ordinance is anything but consistent with Oklahoma law.

There is no Oklahoma law that mandates the wearing of any sort of face mask or covering. No Oklahoma statute restricts services in the way Defendants are restricting religious services.[10] The Oklahoma Constitution secures the rights to free exercise of religion, life, liberty, the pursuit of happiness, the enjoyment of gains from one's work, peaceably assemble, and speech.[11] Oklahoma law prohibits a governmental entity from substantially burdening someone's free exercise of religion.[12] Thus, for the same reasons that the restrictions on worship and assembly would violate the Free Exercise and Assembly clauses of the U.S. Constitution, the restrictions would violate the Free Exercise and Assembly clauses of the Oklahoma Constitution.

---

[9] OKLA. STAT. tit. 11 § 14-101.
[10] Per Governor Stitt's Seventh Amendment to Executive Order 2020-07, religious services are considered an "essential" industry, however it prohibits gatherings of more than ten people. Plaintiffs assert that this directive is also an unconstitutional infringement on Oklahomans' free exercise and assembly rights. *See* OKLAHOMA ESSENTIAL INDUSTRIES LIST, https://www.okcommerce.gov/wp-content/uploads/Oklahoma-Essential-Industries-List.pdf (last accessed April 22, 2020).
[11] OKLA. CONST. art. I, § 2; art. II, §§ 2, 3, & 22
[12] OKLA. STAT. tit. 51, § 253.

5

Further, by continuing to unlawfully restrict Plaintiffs' ability to participate in religiously-motivated activity, Defendants are in violation of Oklahoma's Religious Freedom Act.[13] Defendants are clearly creating a substantial burden on Plaintiffs' freedom of religion by unreasonably restricting religious activity under the threat of potential arrest.

*3. Plaintiffs Will Still Suffer Irreparable Harm if the New Ordinance Remains in Effect.*

Plaintiffs will continue to suffer serious and irreparable harm in the absence of a temporary restraining order and preliminary injunction. The New Ordinance still prevents Oklahomans from exercising their fundamental constitutional rights to free exercise and assembly. The Tenth Circuit Court of Appeals has held that a plaintiff suffers irreparable injury when a monetary remedy after a full trial would be inadequate or hard to determine.[14] Where a plaintiff establishes a constitutional violation, no further showing of irreparable injury is necessary.[15]

In *Free the Nipple v. Fort Collins, Col.*, the plaintiffs filed a lawsuit immediately after Fort Collins, Colorado enacted a public-nudity ordinance.[16] The injuries cited by the plaintiffs in *Free the Nipple*, and allowed by the Colorado district court, were violations of

---

[13] *See id.*
[14] *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012).
[15] *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Free the Nipple-Fort Collins v. City of Fort Collins, Col.*, 916 F.3d 792, 805 (10th Cir. 2019) ("Most courts consider the infringement of a constitutional right enough and require no further showing of irreparable injury."); *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1263 (10th Cir. 2016) ("When an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.").
[16] *Free the Nipple*, 916 F.3d at 795.

the Equal Protection Clause of the U.S. Constitution and the Equal Rights Amendment.[17] The Tenth Circuit held that "all women in Fort Collins, risk criminal sanctions for making a choice—to appear topless in public—that men may make scot-free. We've already concluded that this gender disparity violates the Equal Protection Clause, so we agree with the district court that the Plaintiffs need to show no further irreparable harm."[18] The situation in this case is analogous to that in *Free the Nipple*. In both cases, the plaintiffs filed a lawsuit based on the fear of criminal sanctions if they engaged in the activity prohibited by a municipal ordinance. As in *Free the Nipple*, Plaintiffs should likewise be found to suffer irreparable harm if the New Ordinance remains in effect.

   4. *The Balance of Harms and Public Interest Still Support Injunctive Relief.*

Plaintiffs' requested relief will "preserve the status quo," tipping the balance of equities toward Plaintiffs and serving the public interest.[19] As the Tenth Circuit has made clear, "it is always in the public interest to prevent the violation of a party's constitutional rights."[20] The status quo here refers to "the last peaceable uncontested status existing

---

[17] *Id.* at 796.
[18] *Id.* at 806 (internal citation omitted).
[19] *Isbell v. City of Oklahoma City*, No. CIV-11-1423, 2011 WL 6016906, at *2-3 (W.D. Okla. 2011); *Herbert*, 828 F.3d at 1266.
[20] *Awad*, 754 F. Supp. 2d at 1308 (W.D. Okla. 2010), aff'd, 670 F.3d 1111 (10th Cir. 2012); *Planned Parenthood of Ark. & E. Okla. v. Cline*, 910 F. Supp. 2d 1300, 1308 (W.D. Okla. 2012) ("The public has an interest in constitutional rights being upheld and in unconstitutional decisions by the government being remedied."); *BNSF Railway Co. v. City of Edmond, Okla.*, No. CIV-19-769-G, 2019 WL 5608680, at *3 (W.D. Okla. 2019) ("Oklahoma does not have an interest in enforcing a law that is likely constitutionally infirm. Moreover, the public interest will perforce be served by enjoining the enforcement

between the parties before the dispute developed."[21] The last peaceable uncontested status between Plaintiffs and Defendants was just prior to the enactment of Ordinance 3330. A TRO would return these parties to an uncontested status.

The harm to Plaintiffs, if an injunction is not granted, outweighs the harm to Defendants if it is granted because there is no way to give someone back constitutionally protected rights. Defendants are not harmed, as they and the State of Oklahoma already have other actions in place to protect people from the harm that they felt required the enactment of the New Ordinance.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction should be granted.

Respectfully submitted,

_____
Frank A. Urbanic, OBA No. 32528

---

of the invalid provisions of state law.") (quoting *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 771 (10th Cir. 2010)).

[21] *Hobby Lobby Stores, Inc. v. Sebelius*, No. 12-6294, 2012 WL 6930302, at *1 (10th Cir. Dec. 20, 2012) (citing *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1071 (10th Cir. 2009)).

The Urbanic Law Firm, PLLC
1211 N Shartel Ave Ste 906
Oklahoma City, OK 73103
(405) 633-3420
Fax: (405) 446-8413
Frank@Urbanic.Law

*And*

Riley W. Mulinix, OBA No. 30654
Redbud Law
105 South Jones Avenue
Norman, Oklahoma 73069
(405) 237-5777
riley@redbudlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2020, I electronically filed the foregoing document with the Court via CM/ECF, which will automatically send notice and a copy of same to counsel of record via electronic mail.

_____
Frank A. Urbanic