# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ANGELA F. MILLER, an individual, et al., )
                Plaintiffs, )
v. ) Case No. CIV-20-372-SLP
CITY OF GUTHRIE, et al., )
                Defendants. )

## **O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 10], to which Plaintiffs have responded [Doc. No. 16].[1] For the reasons that follow, the Court grants Defendants' Motion and dismisses Plaintiffs' Complaint for lack of subject matter jurisdiction.

**I.**     **Introduction**

On April 22, 2020, Plaintiffs filed a Complaint [Doc. No. 1] challenging the constitutionality of Ordinance 3330 enacted by the City of Guthrie in response to the COVID-19 (Coronavirus) Pandemic and certain Executive Orders entered by the Governor of the State of Oklahoma. The following day, on April 23, 2020, Plaintiffs filed a Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. No. 4].

The Court set Plaintiffs' Motion for telephonic hearing on April 27, 2020 at 11:00 a.m. Just prior to the hearing, the Court conducted a telephonic status conference with counsel for the parties and continued the hearing to April 29, 2020 at 1:30 p.m. Shortly

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

following the telephonic status conference, Defendants filed their Motion seeking dismissal of this action for lack of subject matter jurisdiction.

On April 29, 2020, the Court conducted a hearing. Plaintiffs appeared through their counsel of record, Frank A. Urbanic and Riley W. Mulinix. Defendants appeared through their counsel of record, Jason A. McVicker.

## II.   Plaintiffs' Claims

Plaintiffs allege Ordinance 3330 violates their federal and state constitutional and statutory rights. Plaintiffs identify themselves as belonging to two different groups. Plaintiffs Angela F. Miller, Donna J. Wilson, Daniel L. Navejas, Heather E. Brown, Bobby J. Lockhart, Audra M. Lockhart and Tammie D. Hulsey state they are residents of the City of Guthrie and the City's "unconstitutional law" prohibits their "lawful exercise of freedoms guaranteed by law." Compl., ¶ 7. The Court refers to these Plaintiffs as the Resident Plaintiffs. Plaintiffs Jackie A. Whitley, Vicki L. Jones and James P. Nunamaker state they are individuals who "visit and/or conduct business in Guthrie." Compl., ¶ 8. The Court refers to these Plaintiffs as the Non-Resident Plaintiffs. Otherwise, the Court references Plaintiffs in the collective.

Plaintiffs sue the City of Guthrie. Plaintiffs additionally name as Defendants a number of city officials, and brings suit against them in their official capacities.

Plaintiffs bring seven causes of action challenging specific provisions of Ordinance 3330. In their First Cause of Action, Plaintiffs allege the Ordinance burdens their religious practice in violation of their free exercise rights under the First Amendment to the United States Constitution. In their Second Cause of Action, Plaintiffs allege the

Ordinance violates their rights under the freedom of assembly clause of the First Amendment. Plaintiffs' Third and Fourth Causes of Action arise under the commerce clause of the United States Constitution. Plaintiffs challenge the provision of the Ordinance which requires individuals to wear cloth face coverings within the city limits and allege this requirement forces individuals to engage in commerce. Plaintiffs further allege the Ordinance requires the closure of certain businesses and prohibiting these businesses from operating will impact interstate commerce. In their Fifth Cause of Action, Plaintiffs allege the Ordinance violates the equal protection clause of the Fourteenth Amendment because it grants exceptions for use of public sidewalks for certain non-religious conduct but punishes similarly religiously-motivated conduct. In their Sixth Cause of Action, Plaintiffs bring a federal constitutional due process challenge to the Ordinance alleging they have been deprived of the use and enjoyment of their property, i.e., "the right to travel locally through public spaces and roadways." Compl., ¶ 58. And finally, in their Seventh Cause of Action, Plaintiffs allege Ordinance 3330 violates Oklahoma statutory and constitutional law. In support, Plaintiffs allege the Ordinance is contrary to Oklahoma law as no state law requires persons to wear face masks and the Ordinance is inconsistent with freedoms and rights under the Oklahoma Constitution including religious exercise and worship, assembly, free speech, hunting, and the right to travel to purchase a firearm. Plaintiffs additionally allege Ordinance 3330 is unconstitutionally imprecise, vague and ambiguous.

### III. Relevant Facts[2]

On March 15, 2020, the Governor of Oklahoma issued Executive Order (EO) No. 2020-07. The Governor declared a state of emergency in all 77 counties "caused by the impending threat of COVID-19 to the people of th[e] State [of Oklahoma] and the public's peace, health and safety." *See* EO 2020-07 [Doc. No. 1-2]. On April 1, 2020 the Governor amended EO 2020-07 and, inter alia, prohibited "[s]ocial gatherings of more than ten people" and closed all business, other than those identified as "being within a critical infrastructure sector as defined by the U.S. Department of Homeland Security or defined as essential by the Oklahoma Department of Commerce[.]" *See* Seventh Amended EO 2020-7 [Doc. No. 1-4] at 6-7, ¶¶ 19, 20.

On March 16, 2020, the Mayor of the City of Guthrie issued a Proclamation to declare a state of emergency for the City of Guthrie. *See* Proclamation [Doc. No. 1-3]. The Proclamation cancelled or postponed all public events consisting of gatherings of 50 people or more. *Id.*, Section Three. It also "strongly discouraged" all "in-person gatherings for . . . spiritual . . . purposes" including, but not limited to, "faith-based" events. *Id.*, Section Eight. And, the Proclamation imposed restrictions on the operations of various businesses. *Id.*, Sections Nine and Ten.

---

[2] These facts are taken from the allegations of the Complaint. The allegations are taken as true and construed in the light most favorable to Plaintiffs. *United States v. Supreme Court of N.M.*, 839 F.3d 888, 899 (10th Cir. 2016). Also, the Court has properly considered attachments to the Complaint and/or taken judicial notice of documents reflecting official governmental action central to the allegations of the Complaint. *See Johnson v. Spencer*, 950 F.3d 680, 705-06 (10th Cir. 2020).

On April 6, 2020, the City of Guthrie enacted Ordinance No. 3330 [Doc. No. 1-5] at issue here. Plaintiffs specifically challenge the following provisions found in SECTION I. of the Ordinance: § 11-122 (Shelter in Place), § 11-123 (Cloth face coverings), § 11-124 (Suspension of Gatherings and/or Public Events); § 11-131 (Organized gatherings of 10 or more people on public or private property); § 11-132 (Closure except Essential Businesses); and § 11-136 (Fine and cost).

The Ordinance makes express that it constitutes "Emergency Measures Related to the COVID-19 (Coronavirus Pandemic[.]" *See* Ordinance, Section I. The Ordinance has an "Effective Date and Term." *See* SECTION I., § 11-121. The Ordinance "shall be effective 11:59 pm, April 6, 2020 through 11:59 pm, May 5, 2020." *Id*.

On April 22, 2020, the Governor of Oklahoma released an Open Up and Recovery Safely (OURS) Plan, a three-phased plan to reopen the State of Oklahoma.[3] Pursuant to that plan, and as pertinent here, as of April 24, 2020, personal care businesses were permitted to reopen. And, as of May 1, 2020, places of worship will be permitted to reopen for in-person meetings or worship, subject to adherence to CDC-recommended social distancing. Additionally, most other businesses can reopen (excluding bars). As set forth above, Plaintiffs filed their Complaint the same day the Governor released the OURS Plan.

On April 27, 2020, the City of Guthrie enacted Ordinance No. 3331 [Doc. No. 10-3]. Ordinance 3331 is effective 11:59 p.m. April 6, 2020 through 11:59 p.m. May 5, 2020. *See id*., SECTION 1. Ordinance 3331 eliminates the following provisions of SECTION I

---

[3] *See* OURS Plan [Doc. No. 16-2], also available at www.okcommerce.gov.

of Ordinance 3330 as challenged by Plaintiffs: § 11-122 (Shelter in Place); and § 11-131 (Organized gatherings of 10 or more people on private property). Additionally, Ordinance 3331 amends SECTION I., §11-123 (Cloth face coverings), also challenged by Plaintiffs.[4] The "Fine and cost" provision remains in Ordinance 3331. *See id*., § 11-128. Additional facts will be addressed, where pertinent, below.

## IV. Subject Matter Jurisdiction

Defendants move for dismissal of Plaintiffs' Complaint on jurisdictional grounds. *See* Defs.' Mot. at 2 ("[I]t is paramount that the Court appraise [sic] itself of jurisdiction before proceeding."). The Court must address the issue of its subject matter jurisdiction

---

[4] That provision now reads as follows:

> § 11-122 Cloth face coverings
>
> Within the city limits of the City of Guthrie all individuals shall wear a cloth face covering in public settings anywhere CDC (Center for Disease Control) recommended social distancing measures are difficult to maintain (e.g. grocery stores and pharmacies).
>
> 1. CDC advises the use of simple cloth face coverings to slow the spread of the virus and help people who may have the virus and do not know it from transmitting it to others. Cloth face coverings fashioned from household items or made at home from common materials at low cost can be used as a public health measure.
>
> 2. Cloth face coverings should not be placed on young children under age 2, anyone who has trouble breathing, or is unconscious, incapacitated or otherwise unable to remove the mask without assistance.
>
> 3. The cloth face coverings recommended are not surgical masks or N-95 respirators. Those are critical supplies that must continue to be reserved for healthcare workers and other medical first responders, as recommended by CDC guidance.

*Id*.

prior to addressing Plaintiffs' request for injunctive relief. *See, e.g., Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).

### A. Governing Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants' Motion, challenging Plaintiffs' standing, is governed by Rule 12(b)(1). *See Baca v. Colo. Dep't. of State*, 935 F.3d 887, 905 (10th Cir. 2019) ("A motion to dismiss under rule 12(b)(1) can be made on the ground that the plaintiff lacks standing and therefore the court lacks subject matter jurisdiction.") (citation omitted), *cert. granted*, 140 S.Ct. 918 (2020). Defendants bring a facial attack to the Court's jurisdiction and, therefore, the Court must accept the allegations of the Complaint as true. *See supra,* n. 2; *see also Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) ("[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.").

### B. Discussion

Defendants bring two jurisdictional challenges. First, Defendants argue the factual allegations of the Complaint are insufficient to demonstrate Plaintiffs have standing to bring this action. Second, Defendants contend the passage of Ordinance 3331, which occurred after the filing of the Complaint, moots Plaintiffs' causes of action. Because the

Court finds Plaintiffs lack standing, the Court deems it unnecessary to further address the mootness issue.[5]

Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies." *Spokeo, Inc. v. Robins*, -- U.S. --, 136 S. Ct. 1540, 1547 (2016). To present a case or controversy under Article III, a plaintiff must establish that he has standing to sue. *Id*. (citations omitted). "To establish Article III standing, a plaintiff must show: (1) that he has suffered an injury in fact; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely that "the injury will be redressed by a favorable decision." *Am. Humanist Ass'n, Inc. v. Douglas Cty. Sch. Dist. RE-1*, 859 F.3d 1243, 1250 (10th Cir. 2017) (citations omitted). "Each plaintiff must have standing to seek each form of relief in each claim." *Id*. (citation omitted); *see also Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) ("Standing is not dispensed in gross. Rather, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." (citation, brackets and internal quotation marks omitted)).

"A plaintiff's standing for . . . prospective relief requires a continuing injury." *Baca*, 935 F.3d at 909-10. The plaintiff "must show a credible threat of future harm. *Id*. at 910. The injury must be imminent, but "a plaintiff need not wait for the harm to occur before seeking redress." *Id*. "An allegation of future injury may suffice if the threatened injury is certainly impending or there is a substantial risk the harm will occur. *Id*. (internal

---

[5] Nonetheless, Plaintiffs appear to concede, as they must, that the passage of Ordinance 3331 moots several of their claims. *See* Pls.' Suppl. Brf. [Doc. No. 15] at 3 (stating that "Plaintiffs no longer contest the issues originating from th[e] sections [present in Ordinance 3330 but removed from Ordinance 3331]").

8

quotation marks and citations omitted). *See also Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004) ("To seek prospective relief, the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future.").

A plaintiff's expressed "vague intention" to engage in an activity "without any description of concrete plans" is insufficient to show an injury is "actual or imminent." *Am. Humanist*, 859 F.3d at 1257. Moreover, "[i]t is the reality of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions." *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n. 8 (1983).

"For purposes of the standing inquiry, the question is not whether the alleged injury rises to the level of a constitutional violation. That is the issue on the merits. For standing purposes, [courts] ask only if there was an injury in fact, caused by the challenged action and redressable in court." *Initiative and Referendum Inst. v. Walker*, 450 F.3d 1082, 1088 (10th Cir. 2006). The "mere presence on the statute books of an unconstitutional statute, in the absence of enforcement or credible threats of enforcement, does not entitle anyone to sue, even if they allege an inhibiting effect on constitutionally protected conduct prohibited by the statute." *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007). Thus, it is well established that the injury requirement of Article III "requires more than an injury to a cognizable interest" but instead "requires that the party seeking review be himself among the injured." *Citizens Concerned for Separation of Church and State v. City and Cty. of Denver*, 628 F.2d 1289, 1296 (10th Cir. 1980) (citation omitted); *see also Schmidt v. Cline*, 127 F. Supp.2d 1169, 1169 (D. Kan. 2000) ("No standing exists where a plaintiff claims the Constitution has been violated, but claims nothing else.").

Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of alleging each element of standing. *Initiative & Referendum*, 450 F.3d at 1087. Standing is evaluated based on the facts as they exist at the time the Complaint is filed. *Tandy,* 380 F.3d at 1284. At the pleading stage, the Court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim," and "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citation omitted). But the plaintiff must, nonetheless, clearly allege facts to demonstrate standing. *Spokeo*, 136 S.Ct. at 1547. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994) (the court is "not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

Only a single Plaintiff, Donna Wilson, verified the allegations of the Complaint. *See* Verification [Doc. No. 1-6].[6] The Complaint itself contains only vague and conclusory allegations with respect to any injury suffered. They are the type of allegations to be ignored by the Court in determining whether plausibility has been established. *See Iqbal*, 556 U.S. at 678.

---

[6] At the hearing, Plaintiffs' counsel argued to the Court that the allegations of injury were "collective" as to all Plaintiffs.

The Court addresses Plaintiffs' pleading deficiencies with respect to each of the seven causes of action and concludes Plaintiffs' Complaint is devoid of any allegations sufficient to confer standing.

### 1. First Cause of Action – Free Exercise Claim

In support of their Free Exercise claim, Plaintiffs allege Ordinance 3330 substantially burdens their religious exercise. But wholly absent from Plaintiffs' allegations are facts to show: (1) whether they hold religious beliefs; (2) whether those religious beliefs require church attendance; (3) whether they attend church as part of their religious practices; (4) where they attend church; (5) how often church services occur (prior to the issuance of Ordinance 3330); or (6) whether, if the Court were to grant relief, the church they attend would be providing services.

Moreover, there are no allegations that any plaintiff ever attempted to attend church since the enactment of Ordinance 3330. There are no allegations that any plaintiff ever faced any credible threat of enforcement of Ordinance 3330. Nor have Plaintiffs alleged any facts demonstrating a credible threat of future enforcement. For all these reasons, Plaintiffs lack standing as to the claim alleged in their First Cause of Action.

### 2. Second Cause of Action – Freedom of Assembly Claim

Plaintiffs allege that the Ordinance denies them "the ability to assembly [sic] via a church service (drive-in or otherwise)." Compl., ¶ 35. Plaintiffs then allege the Ordinance "prohibits freedom of assembly to seek redress of grievances." *Id*., ¶ 36. Plaintiffs allege "[t]his includes any group that seeks to voice their concern over the Ordinance." *Id*.

11

As with the claim alleged in Plaintiffs' First Cause of Action, Plaintiffs fail to allege any facts to demonstrate any concrete and particularized injury. Plaintiffs allegations show only a general injury no different than any other resident of the City of Guthrie. This does not suffice. *See Lujan*, 504 U.S. at 573-74 ("We have consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him that it does the public at large – does not state an Article III case or controversy.").

### 3. Third Cause of Action – Commerce Clause Claim (Forced Purchase of Cloth Face Masks)

In support of their Third Cause of Action, Plaintiffs contend "the City of Guthrie is not giving out free cloth face coverings to anyone within its city limits." Compl., ¶ 40. Plaintiffs cite SECTION I., § 11-123 which states that "all individuals shall wear a cloth face covering when making a public outing for Essential Activities and/or Essential Work" and further instructs individuals not to buy medical masks, as those masks are "needed on the front lines of the COVID-19 Pandemic." *Id*., ¶ 39. Plaintiffs further allege "[t]he Ordinance applies to the richest and poorest alike in Guthrie" and "[t]here is no guarantee that everyone within its city limits has a mask that meets the approval of the City of Guthrie." Plaintiffs allege "[t]his section of the Ordinance forces Plaintiffs into commerce." *Id*., ¶ 41.

Plaintiffs' allegations fail to demonstrate any actions taken by any of them giving rise to actual injury. Plaintiffs do not allege any past conduct in which they faced

12

consequences for not wearing a face mask. Nor do Plaintiffs allege any facts demonstrating future harm through threat of enforcement of the Ordinance or otherwise. Moreover, Plaintiffs' allegations fail to demonstrate the Ordinance forces them to engage in commerce. The Ordinance simply requires wearing a cloth face covering. There is no allegation that Plaintiffs can only comply by purchasing goods as opposed to fashioning a mask out of common available household materials, consistent with recommendations issued by the Center for Disease Control, as referenced in the Ordinance.[7] For these reasons, Plaintiffs fail to plausibly demonstrate they have standing to bring this claim.

### 4. Fourth Cause of Action – Commerce Clause Claim (Closure of Businesses)

In support of their Fourth Cause of Action, Plaintiffs allege Ordinance 3330 "mandates the closure of many businesses." Compl., ¶ 44. Plaintiffs state "[a]lthough the City of Guthrie has prohibited those businesses from operating in Oklahoma, there will be an impact on interstate commerce" because "[e]ach business was engaged in interstate commerce due to their purchasing goods and services from outside of Oklahoma." *Id*., ¶ 45.

Plaintiffs' allegations are speculative and conclusory. Although the Non-Resident Plaintiffs (three of the ten plaintiffs bringing this action) identify themselves as "individuals who visit and/or conduct business in Guthrie," *see id*., ¶ 8, they do not provide

---

[7] Though not necessary to the Court's disposition of the issue, the Court nonetheless notes that Ordinance 3331, now in effect, makes express that "[c]loth face coverings fashioned from household items or made at home from common materials at low cost can be used as a public health measure." *Id*., SECTION I., § 11-122.

any factual allegations about why they "visit" Guthrie, what business they conduct in Guthrie, how that business has been curtailed by the Ordinance, what enforcement actions they have faced or may face as a result of such business, or any other facts to demonstrate injury resulting to them as a result of the Ordinance. Without these necessary allegations, Plaintiffs lack standing to raise the claims alleged in their Fourth Cause of Action.

### 5. Fifth Cause of Action – Equal Protection Claim

Plaintiffs allege a violation of their equal protection rights. Plaintiffs contend "[t]he Ordinance restricts any expressive religious activities of Plaintiffs on any public or private property in Guthrie" but "provides exceptions for individuals who walk and ride bikes on public sidewalks throughout the City of Guthrie." Compl., ¶¶ 50-51. According to Plaintiffs, "[b]y granting exceptions for non-religious conduct but punishing similar religiously-motivated conduct, the Ordinance violates the Equal Protection Clause of the Fourteenth Amendment." *Id*. ¶ 51. Again, Plaintiffs have alleged no facts to show any actual or imminent injury sufficient to establish standing. Instead, Plaintiffs' allegations are general, based on nothing but the enactment of the Ordinance. Conjecture, without more, that Plaintiffs may be subject to unequal treatment under the Ordinance is insufficient to confer standing. *See Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013) ("[W]e have repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact" and "allegations of *possible* future injury are not sufficient.") (alterations, internal quotation marks and citation omitted).

14

**6. Sixth Cause of Action – Due Process Claim**

In support of their due process challenge to the Ordinance, Plaintiffs state: "[t]he Due Process Clause of the Fourteenth Amendment protects the right to travel locally through public spaces and roadways." Compl., ¶ 58. Plaintiffs then allege that the Ordinance "broadly prohibits Plaintiffs from travelling through public spaces and roadways to a religious place of worship, and yet the Ordinance permits other travel with the same impact and effect of Plaintiffs' forbidden travel, such as traveling to get dog food, in violation of the Fourteenth Amendment." *Id.*, ¶ 59. Plaintiffs further allege: "[t]he Ordinance also seemingly bans merely driving by oneself for the sole purpose of nothing more than a leisurely drive." And Plaintiffs allege that they: "have suffered irreparable harm, including the loss of their fundamental constitutional rights[.]" *Id.*, ¶ 60.

Plaintiffs have not demonstrated standing to pursue this claim. For substantially the same reasons discussed in relation to Plaintiffs' previous causes of action, they allege injury only in the abstract and generic to all residents of the City of Guthrie. Accordingly, Plaintiffs' lack standing to pursue their due process challenge.

**7. Seventh Cause of Action – Violations of Oklahoma Law**

Plaintiffs' final claim for relief alleges violations of Oklahoma law. Plaintiffs allege the Ordinance violates provisions of the Oklahoma Constitution and statutory law, including Okla. Stat. tit. 62, § 14-101 which governs the authority of a municipal governing body to enact ordinances. Plaintiffs claim the City of Guthrie has acted outside the scope of the authority delegated to it under § 14-101 by enacting an Ordinance that is inconsistent with the Constitution and laws of the State of Oklahoma. Plaintiffs further contend the

Ordinance is unconstitutionally imprecise, ambiguous and vague. For example, Plaintiffs allege it is unclear whether the Ordinance prohibits hunting, prohibits traveling to purchase a firearm, and is "unfair to the law enforcement officers having to guess what is or is not a violation [of the Ordinance]." Compl., ¶¶ 65-67.

With respect to the latter challenge, the Court finds, once again, Plaintiffs do not demonstrate they have suffered any justiciable injury. Plaintiffs allege no facts demonstrating they have been subjected to enforcement of the Ordinance, threatened or otherwise. *See, e.g. Clark v. City of Williamsburg, Kan.*, 388 F. Supp. 3d 1346, 1356-57 (D. Kan. 2019) (permitting First Amendment claim challenging city's sign ordinance where plaintiff had been threatened with prosecution as to enforcement of one provision of that ordinance, but dismissing for lack of standing plaintiff's challenges to ordinance in its entirety where the city never sent any notice regarding other provisions of ordinance). Nor do Plaintiffs allege facts demonstrating they have been prevented from hunting or purchasing a firearm. Thus, to the extent these allegations seek relief under federal law, Plaintiffs fail to establish standing.

### C. Plaintiffs' Standing Arguments

The Court further addresses arguments made by Plaintiffs in their Response to Defendants' Motion, and at the hearing. Plaintiffs primarily rely upon *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792 (10th Cir. 2019) as authority for this Court's exercise of jurisdiction. *See* Pls.' Resp. at 5 ("A case with an issue of standing that is almost identical to this case is *Free the Nipple v. Fort Collins, Col.*"). But the Tenth Circuit in *Free the Nipple* did not address any issue of constitutional standing. Plaintiffs

appear to confuse the injury requirement of standing with the irreparable harm requirement for injunctive relief as Plaintiffs cite findings of the Tenth Circuit in that case related to "the constitutional-violation-as-irreparable-injury principle." *See Free the Nipple* at 806; Pls' Resp. at 5-6.

Plaintiffs emphasize in their Response, and in their argument before the Court, that the sole injury at issue is the "threat of prosecution" they allegedly face. Plaintiffs concede that the only allegation of the Complaint to address the threat of prosecution is the provision of Ordinance 3330 that allows for imposition of fines and costs. *See* Ordinance 3330, SECTION I., § 11-136.[8] But as the above-cited authority establishes, the fact the Ordinance includes a penalty, standing alone, is insufficient to demonstrate a concrete, particularized injury as required to establish Article III standing.[9] Nor is Plaintiffs' collective pleading of standing sufficient to satisfy the requirements of Article III standing. As set forth *each* Plaintiff must have standing to sue.

## V. Conclusion

In sum, Plaintiffs have not adequately alleged a plausible claim of injury sufficient to confer standing as to any of their federal causes of action.[10] As a result, there is no

---

[8] As previously noted, that provision remains in Ordinance 3331.

[9] And, in fact, in Plaintiffs' Response they expressly acknowledge that they have alleged no particularized injury. *See* Pls.' Resp. at 8 ("Defendants claim that 'Plaintiffs do not allege any particularized or concrete constitutional violation during th[e] weeks [prior to filing the lawsuit].' *That is correct*.") (footnote and citation omitted, emphasis added).

[10] Defendants briefly argue Plaintiffs have also failed to allege facts to plausibly demonstrate the remaining two elements of standing, i.e., that Plaintiffs' injury is fairly traceable to the conduct of the Defendants and that Plaintiffs' injuries are redressable by a favorable court ruling. Because

17

justiciable case or controversy over this action and the Court must dismiss the Complaint for lack of subject matter jurisdiction. The Court deems it unnecessary to address the issue of mootness raised as an additional grounds for dismissal by Defendants. As noted, however, Plaintiffs concede the passage of Ordinance 3331 moots at least some of their causes of action.

Because the Court has determined it lacks jurisdiction over the federal claims alleged in the Complaint, the Court must further dismiss Plaintiffs' state law claims raised in their Seventh Cause of Action. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1168 (10th Cir. 2004) ("When the district court dismissed the [federal claim] from this cause of action for lack of subject matter jurisdiction, it lost all original jurisdiction on which to append supplemental state law claims, even if they arose from the same common nucleus of fact."); *see also Estate of Cummings v. United States*, 651 F. App'x 822, 828 (10th Cir. 2016) ("If a district court dismisses the federal claims on the merits, it can as a matter of discretion exercise supplemental jurisdiction. But when a district court dismisses the federal claims for lack of subject matter jurisdiction, it lacks such discretion and must dismiss the supplemental claims without prejudice."). The state law claims are, therefore, dismissed without prejudice.

---

Plaintiffs fail to show any actual injury, the Court need not further address these additional elements.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 10] is GRANTED and Plaintiffs' Complaint [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 30th day of April, 2020.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE